**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**


William S. Finer

   v.                                     Civil No. 12-cv-169-PB

Well Fargo Bank, N.A.


**O R D E R**

On July 27, 2012, a preliminary pretrial conference was held in this case.  Attorney Cory Mattocks appeared for plaintiff and Attorney Mark Darling appeared for defendant.

The court approves the Proposed Discovery Plan (document no. 9) with the following amendment:  motions for summary judgment due on or before November 5, 2012.

The court further orders the parties to file a supplement to the discovery plan for the reasons explained during the pretrial conference.  In short, the parties' statement regarding electronic discovery is inadequate.  Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or forms in which it should be produced . . . ."  The parties' proposed discovery plan includes nothing about any agreement(s) with respect to electronic discovery, stating instead that the parties "agree that it is premature to conclusively decide any issues concerning

electronic information-related disclosures and will confer in good faith and reach agreement as to such disclosures at a mutually convenient time. The parties have taken appropriate steps to preserve potentially discoverable electronically stored information." More is required under the rule.

Accordingly, the parties are ordered to meet and confer and file, on or before August 17, 2012, a joint motion to supplement the discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery. The court refers the parties to the following outline of potential issues to discuss:

1. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

2. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data exists, the extent to which back-up and archival data is reasonably accessible, and who will bear the cost of obtaining such data.

3. Format and Media. Counsel should attempt to agree on the format and media to be used in the production of ESI,

and whether production of some or all ESI in paper form

is agreeable in lieu of production in electronic format.

4. Reasonably Accessible Information and Costs. Counsel

should attempt to determine if any responsive ESI is not

reasonably accessible, i.e., is accessible only by

incurring undue burdens or costs.

5. Privileged or Trial Preparation Materials. Counsel also

should attempt to reach agreement regarding what will

happen in the event privileged or trial preparation

materials are inadvertently disclosed. See Fed. R. Evid.

502.

Plaintiff agreed to file a proper complaint and a separate
request for injunctive relief on or before August 10, 2012.  If
such a complaint is not filed on or before that date, the court
will entertain a motion to dismiss.

Trial in this case is scheduled for the two-week trial
period beginning March 5, 2013.

_____
Landya McCafferty
United States Magistrate Judge

Date: July 27, 2012

cc: Mark A. Darling, Esq.
    Cory R. Mattocks, Esq.
    Jeremey A. Miller, Esq.